UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| CLEVELAND BAKERS AND | : | CASE NO. 1:14-cv-00452 |
| TEAMSTERS PENSION FUND, | : | |
| | : | OPINION & ORDER |
| Plaintiff, | : | [Resolving Doc. 11] |
| | : | |
| v. | : | |
| | : | |
| EUCLID COFFEE COMPANY, | : | |
| | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In February 2014, Plaintiff Cleveland Bakers and Teamsters Pension Fund ("the Fund") sued Defendant Coffee Company for past-due benefit premiums under the Employee Retirement Income Security Act ("ERISA").[1]

After the Court entered default judgment in favor of the Plaintiff Fund, the parties entered a settlement agreement.[2] The settlement agreement set out an installment payment plan for Defendant to pay the settlement.[3]

Now, Defendant asks the Court to modify the default judgment or to restructure the payments Defendant owes under the settlement agreement installment plan.[4] Plaintiff opposes the motion.[5]

For the reasons stated below, the Court **DENIES** Defendant's motion to modify the settlement agreement or to modify the default judgment.

---

[1] Doc. 1.
[2] Doc. 9; Doc. 13-1.
[3] Doc. 13-1.
[4] Doc. 11.
[5] Doc. 13.

Case No. 1:14-cv-00452
GWIN, J.

I. Background

In June 2014, the Court granted default judgment in favor of the Plaintiff Fund.[6] The Court ordered Defendant Euclid Coffee Company to pay the Fund $41,837 in withdrawal liability and $1,928.75 in attorneys' fees and costs, along with post-judgment interest.[7]

Six months later, the parties signed a settlement agreement.[8] The settlement agreement outlined an installment payment plan for Defendant to pay the default judgment to the Fund.[9]

Section 4 of the settlement agreement sets out a process for modifying the agreement.[10] This process requires the parties' mutual agreement and does not include any role for legal process or Court involvement.

Section 11 of the settlement agreement states: "This Agreement shall not be amended or modified in any way except as outlined in Section 4 of this Agreement or upon written agreement and mutual execution by the Parties."[11]

In January 2022, with two remaining payments scheduled under the installment plan, Defendant moved the Court to modify the settlement agreement or to modify the default judgment.[12] With a three-paragraph motion, Defendant argued the Court should order a modified payment plan because Defendant is facing financial hardship.[13]

The Plaintiff Fund opposed Defendant's motion to modify settlement payments.[14] Plaintiff argued that the Court cannot order a modified settlement because the settlement

---

[6] Doc. 9.
[7] *Id.* at 3.
[8] Doc. 13-1.
[9] *Id.* at ¶ 3.
[10] *Id.* at ¶ 4.
[11] *Id.* at ¶ 11.
[12] Doc. 11.
[13] *Id.*
[14] Doc. 13.

Case No. 1:14-cv-00452
GWIN, J.

agreement is a private contract between the parties.[15] Plaintiff also argued that Defendant Euclid Coffee Company did not meet the burden for relief under Federal Rule of Civil Procedure 55(c) and 60(b).[16]

## II. Discussion

The Court denies Defendant Euclid Coffee Company's motion for modification of the settlement agreement or modification of the default judgment. The Court does not have authority to order modification of the parties' private contract. In addition, Defendant does not meet the burden for modifying a default judgment.

### A. Settlement Agreement Modification

"[S]ettlement agreements are private contracts between parties and not court orders."[17] "[O]nly the existence of fraud or mutual mistake can justify reopening an otherwise valid settlement agreement."[18] The party attacking the settlement agreement shoulders the burden to show invalidity.[19]

The settlement agreement is a private contract between the Plaintiff Fund and Defendant Euclid Coffee Company.[20] Defendant does not argue that fraud or mutual mistake affected this contract.

A court may have a role in modifying a settlement agreement where the Court approved the settlement agreement.[21] Here, however, the Court did not have any role in

---

[15] *Id.* at 4-6.
[16] *Id.* at 6-9.
[17] *Steele v. Trans Union*, 10 CIV. 6749 PGG, 2012 WL 32094, at *2 (S.D.N.Y. Jan. 5, 2012); *see also In re Automotive Parts Antitrust Litig.*, 997 F.3d 677, 681 (6th Cir. 2021) ("A settlement agreement is a contract governed by principles of state contract law[.]").
[18] *Brown v. Cnty. of Genesee*, 872 F.2d 169, 174 (6th Cir. 1989).
[19] *Id.*
[20] Doc. 13-1.
[21] *Planned Parenthood Greater Memphis Region v. Dreyzehner*, 3:12-CV-00139, 2013 WL 1092462, at *11 (M.D. Tenn. Mar. 13, 2013) (quoting *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir.1983)) ("Judicial approval of a settlement agreement places the power and prestige of the court behind the compromise struck by the parties.").

- 3 -

Case No. 1:14-cv-00452
GWIN, J.

approving the settlement agreement. Instead, the Court ordered a default judgment, and the parties privately negotiated and agreed on a payment plan.

The Court does not have authority to order modification of the settlement agreement. Even if the Court did have authority to order the relief Defendant requests, Defendant does not present any argument that the settlement agreement is invalid or unenforceable.

### B. Rule 60 Relief

Defendant also asks the Court to modify the default judgment. Defendant does not meet its burden to justify this relief.

Federal Rules of Civil Procedure 55 and 60 set the standards for setting aside a default judgment. Rule 55 allows a court to set aside a final default judgment where the Rule 60 requirements are met.[22]

Under Rule 60(b), where more than a year has passed since the judgment entry, a court may set aside a judgment if: (1) "the judgment is void"; (2) "the judgment has been has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or" (3) "any other reason that justifies relief."[23] In the Sixth Circuit, applying the final catchall category requires "unusual and extreme situations where principles of equity *mandate* relief."[24]

"Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation."[25]

---

[22] Fed. R. Civ. P. 55(c).
[23] Fed. R. Civ. P. 60(b); *see also* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").
[24] Ford Motor Co. v. Mustangs Unlimited, Inc., 487 F.3d 465, 468 (6th Cir. 2007) (quoting Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990)).
[25] *Id.* at 468 (quotation marks and alteration omitted).

- 4 -

Case No. 1:14-cv-00452
GWIN, J.

Here, more than seven years have passed since the default judgment. Defendant Euclid Coffee Company makes no argument that the default judgment is void. The Court therefore considers two possible reasons for setting aside the judgment under Rule 60(b).

First, the Court considers whether Defendant is entitled to relief because the judgment has been satisfied, released, or discharged.

Second, the Court considers whether Defendant's stated reason for modifying the default judgment—financial hardship—qualifies as an unusual and extreme situation requiring relief.

The Court finds that neither of the applicable Rule 60(b) factors justify setting aside the default judgment.

First, Defendant fails to show that the judgment has been satisfied, released, or discharged. Defendant argues that the Court should modify the default judgment because Defendant has already paid the principal amount of its withdrawal liability and is now paying interest. This argument does not meet the Rule 60(b) standard. As an initial matter, the default judgment included post-judgment interest.[26] In addition, the installment plan between the parties allowed Defendant to pay off its default judgment obligation over the course of more than seven years. Relieving Defendant of its interest obligation would interfere with the parties' agreement.

Second, Defendant fails to show an "unusual and extreme situation[] where principles of equity *mandate* relief."[27] Defendant asserts that it is facing "ongoing and severe financial hardship."[28] Defendant does not, however, provide any evidence in support of this assertion.

---

[26] Doc. 9 at 3.
[27] *Ford Motor Co.*, 487 F.3d at 468 (citation omitted).
[28] Doc. 11 at 1.

- 5 -

Case No. 1:14-cv-00452
GWIN, J.

Defendant does not show that an unusual or extreme situation requires modifying the default judgment.

### III. Conclusion

For the reasons stated above, the Court **DENIES** Defendant's motion to modify the settlement agreement or default judgment.

IT IS SO ORDERED.

Dated: April 11, 2022  *s/   James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE